IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FLOYD JUNIOR JAYCOX, § | | |
| TDCJ-CID # 1220652, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-05-001 |
| § | | |
| DANIEL HEARD, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Floyd Junior Jaycox, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against law enforcement officials and other individuals who allegedly conspired to have him arrested and prosecuted for criminal actions. Jaycox claims that the charges were false and that he is illegally incarcerated as a result of the defendants' actions. After reviewing the pleadings, this court has determined that this action should be **DISMISSED** as frivolous.

**I.  Allegations and Claims**

Jaycox has filed three amended complaints in addition to his original complaint. The pleadings present varied and disjointed accounts describing how he was allegedly subjected to wrongful prosecution which led to his imprisonment. The following narrative summarizes the facts asserted by Jaycox.

Jaycox had been charged with burglary of a habitation in Calhoun County, Texas. On March 6, 2003, he pled guilty to the charge pursuant to a plea bargain, and the 24th State District Court of

Calhoun County deferred judgment. The trial court then placed Jaycox on probation. *See Jaycox v. State*, No. 13-04-141-CR, 2005 WL 1300948 (Tex. App. – Corpus Christi March 31, 2005, no pet.). Although Jaycox's release was conditional, he claims that he was permitted to handle drugs and associate with drug users and others engaged in criminal behavior. Jaycox reported his activities to his probation officer and warned him that any urinalysis tests might produce positive results. Despite Jaycox's purported irregularities, he was allowed to continue his probation because he was assisting the police in their investigations by making drug purchases.

Jaycox's situation took a turn for the worse when, in October of 2003, the police searched his house for a runaway child, a teenaged girl named Dora Zuniga. Jaycox was accused of restraining and raping Zuniga. Jaycox claims that Zuniga's mother had permitted the child to stay with him due to difficulties at her home. He also states that he allowed her to go to school and that he did not sleep with her. Despite his denials, Jaycox was taken to jail and charged with rape. Although the rape charges were dropped, the state moved for adjudication regarding the burglary charge. After Zuniga's sister falsely testified against Jaycox, Jaycox was found guilty of burglary and sentenced to thirty-five years in prison.

Jaycox asserts that the police, probation department officials, and trial officials conspired with the witnesses to wrongly convict him. He requests that his conviction be overturned and that he be released from custody. He also seeks monetary damages for his wrongful incarceration.

## II. Analysis

Whenever a plaintiff seeks monetary damages in a civil rights case for an allegedly wrongful conviction or sentence, he must first show that the convicting court's judgment has been overturned on appeal or in a habeas proceeding. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). *See also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (revocation

proceedings). Jaycox makes no allegation that the criminal judgment against him has been reversed. On the contrary, the Court of Appeals for the Thirteenth District of Texas dismissed Jaycox's appeal of his burglary conviction and thirty-five year sentence. *Jaycox v. State*, 2005 WL 1300948. Therefore, the claims in this action must be dismissed with prejudice to their being asserted again until Jaycox can show that the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Jaycox's requests for injunctive relief are also baseless in this civil proceeding and can only be pursued, if at all, through a petition for a writ of habeas corpus. *Id.*, *citing Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Jaycox's arguments are not supportable in this civil rights proceeding. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motions

Jaycox has filed a motion to amend his pleadings (Docket Entry No. 12) which will be **GRANTED**. The court considered all amendments to the complaint before determining that the claims have no legal basis.

Jaycox's Application to Proceed In Forma Pauperis (Docket Entry No. 13) will be **GRANTED**. However, Jaycox is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Jaycox's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

Jaycox has filed a Motion for Court Appointed Counsel. Plaintiffs in civil rights actions do not have an automatic right to court appointed counsel. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion (Docket Entry No. 15) will be **DENIED** because the claims have no legal basis and the presence of counsel would not alter the outcome.

Jaycox has filed a motion (Docket Entry No. 16) in which he seeks production of documents from the defendants which relate to his prosecution and conviction. The motion will be **DENIED** because the defendants should not be burdened with the task of producing documents in a suit that is clearly frivolous. *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986).

### IV. Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Floyd Junior Jaycox, TDCJ-CID # 1220652, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e)(2).

2. Jaycox's Motion to Amend the Complaint (Docket Entry No. 12) is **GRANTED**.

3. Jaycox's Application to Proceed In Forma Pauperis (Docket Entry No. 13) is **GRANTED**.

4. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum and Order.

5. Jaycox's Motion for Appointment of Counsel (Docket Entry No. 15) is **DENIED**.

6. Jaycox's Motion for Production of Documents (Docket Entry No. 16) is **DENIED**.

7. The Clerk shall send a copy of this Memorandum Opinion and Order dismissing this action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 29th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE